UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 1:10CR405 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| ERIC ROSSER, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 832) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion filed by Defendant, Eric Rosser, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014).  Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels.  *See* U.S. Sentencing Guidelines Manual, App. C.  The Government does not oppose the motion; however, for the reasons stated herein, the motion is DENIED.

### I.  FACTS AND PROCEDURAL HISTORY

According to the Presentence Investigation Report, beginning at least as early as January 1, 2009 and continuing through August 2010,  Rosser was involved in a vast criminal conspiracy to sell heroin, which involved 23 other people.  When a customer wanted to buy heroin, the person would call Rosser or Rosser's supplier.  Rosser would then be dispatched to obtain the heroin for delivery from his supplier or another co-defendant.  Once Rosser was paid for the heroin, he

1

would give the proceeds to his supplier. Rosser frequented the "stash house" used in the conspiracy and distributed at least three kilograms but not less than 10 kilograms of heroin.

On February 17, 2011, Rosser plead guilty to one count of possession with intent to distribute one kilogram or more of heroin pursuant to 21 U.S. §§841(a)(1) and (b)(1)(A). This Court later sentenced him to 97 months of incarceration, to be followed by a term of five years of supervised release. This sentence was within the guideline range of 87 to 108 months, at a total offense level of 27 and a Criminal History Category designation of III.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II. LAW AND ANALYSIS

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

2

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an

3

appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

### B. Rosser's Motion for Sentence Reduction

Under the first step of the analysis, Rosser would otherwise be eligible for a sentence reduction under §1B1.10.  Under the 2014 amendment to the Sentencing Guidelines, Rosser would be eligible for a reduced sentencing guideline range of 70 to 87 months, as reflected by a total offense level 25 and a Criminal History Category designation of III.  However, after reviewing the nature and circumstances of the offense and considering the statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

Rosser has been involved with the criminal justice system since the age of 19.  He has multiple convictions for theft, drug possession, drug abuse, and driving under the influence.  However, of most concern to this Court is the nature and extent of the underlying offense.  Rosser played a significant role in this drug-trafficking conspiracy and was responsible for disseminating large amounts of heroin to other drug dealers who would then sell it to individuals throughout the Cleveland area.  Twenty-four people were entangled in this conspiracy, and Rosser was one of the individuals as the center of the web.  He was the person to call for larger quantities of heroin.  He was the person that went to the "stash house" to get it. He was the person that served as the intermediary for the source supplier and the lower-level dealers.  Rosser raked in the profits while the drugs he supplied poisoned the community.

Despite his criminal history and the magnitude of the offense, Rosser contends that he is a good candidate for a sentence reduction because of his success during incarceration.  As noted above, this is a proper consideration for the Court to review.  During his incarceration, Rosser has

completed numerous educational and rehabilitative courses and has had few disciplinary infractions. However, Rosser's conduct during his period of incarceration cannot outweigh the danger he poses to the public.

Considering the nature and circumstances of the offense and Rosser's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct. 18 U.S.C. §3553(a). The Court's current sentence of 97 months appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782. *Id.*

### III. CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time. The Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

July 29, 2015      */s/ John R. Adams*
Date      Judge John R. Adams
     United States District Court